John E. Lord (Bar No. 216111)
jlord@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Phone:   (310) 866-5157

Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Nate L. Dilger (Bar No. 196203)
ndilger@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Phone:   (949) 502-2870

*Attorneys for Plaintiff,*
*Agranat IP Licensing LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agranat IP Licensing LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Hewlett-Packard Company,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT INJUNCTION AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

   For its Complaint against Hewlett Packard Company ("HP"), Plaintiff Agranat IP Licensing LLC ("Plaintiff" or "Agranat") alleges as follows:

## THE PARTIES

   1.   Plaintiff is a limited liability company duly organized and existing under the laws of California with its principal place of business at 30021 Tomas Street, Suite 300, Rancho Santa Margarita, California, 92688.

1

**COMPLAINT**

2. Defendant HP is a corporation duly organized and existing under the laws of Delaware, with its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304-1185.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 1 et seq. This court has subject matter jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) in that the acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of California and within this district, among other places. HP resides in this judicial district by virtue of its business location and business activities in this district, and has committed acts of infringement in this judicial district.

## U.S. PATENT NO. 6,456,308

5. On September 24, 2002, the United States Patent & Trademark Office duly and legally issued United States Patent No. 6,456,308 ("the '308 Patent"), entitled "Embedded Web Server." Agranat is the owner of all rights, title, and interest in the '308 Patent. A true and correct copy of the '308 Patent is attached as Exhibit A and incorporated herein by reference.

6. The '308 Patent is a continuation of U.S. Patent Application No. 09/322,382, filed May 28, 1999, which, in turn, is a continuation of U.S. Patent Application No. 08/907,770, filed Aug. 8, 1997 that was issued on October 26, 1999 as U.S. Patent No. 5,973,696. The '308 also claims priority under 35 U.S.C. Section 119(e) to U.S. Patent Provisional Application Nos. 60/023,373, filed August 8, 1996, and 60/108,321, filed November 13, 1998.

7. The '308 patent claims, among other things, methods and apparatuses for providing and/or developing a web page which has a segment of code that, when executed, causes a web server to provide real-time dynamic data. In certain of the claimed embodiments, the systems comprise a data structure for use in a computer system,

including a client and a server in communication with each other, that has portions containing executable code, written in a language other than HTML, where the executable code runs and generates data for the server to serve to the client when the HTML file is served, thereby providing real time dynamic data.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT HP FOR DIRECT INFRINGEMENT, INDUCING INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 6,456,308

8. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-7 of the Complaint as though fully set forth herein.

9. Defendant HP imports, makes, uses, sells, and/or offers for sale products that are network accessible and configurable, including printers, blades, servers, storage devices, wireless access points, and networking equipment, such as routers and switches, with an embedded web server application (collectively, the "HP Products").  Based on Agranat's investigation to date, the HP Products include at least the products specifically identified in Exhibit B to this complaint.

10. Each HP Product stores and executes an embedded web server application. When a user's client device connects, via an IP network address, to a HP Product, the HP Product executes the embedded web server application and serves an embedded web server page, comprising HTML code, to the connecting client device.  The embedded web server page includes executable code that causes the embedded web server application to generate data and to serve that generated data to the client, thereby providing real-time dynamic data associated with the application.

11. By importing, making, using, selling, and offering for sale the HP Products, each with an embedded web server application, HP has directly infringed, and continues to directly infringe, the '308 Patent, including infringement under 35 U.S.C. §§ 271(a) and (f).

12. On information and belief, HP has also indirectly infringed, and continues to indirectly infringe, the '308 Patent by actively inducing direct infringement by other persons, such as HP's customers and end users, who operate methods and systems that

embody or otherwise practice one or more of the claims of the '308 Patent, when HP had knowledge of the '308 Patent and knew or should have known that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others.

13. On information and belief, HP has also indirectly infringed, and continues to indirectly infringe, the '308 Patent by contributory infringement by providing non-staple articles of commerce to others, such as HP's customers and end users, for use in an infringing system or method with knowledge of the '308 Patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '308 Patent, and have no substantial non-infringing use.

14. On information and belief, HP will continue to infringe the '308 Patent unless enjoined by this Court.

15. On information and belief, HP's infringement of the '308 Patent is, has been, and continues to be willful and deliberate.

16. As a direct and proximate result of HP's infringement of the '308 Patent, Agranat has been and continues to be damaged in an amount yet to be determined.

17. Unless a preliminary and permanent injunction are issued enjoining HP and its officers, agents, servants and employees, and all others acting on their behalf or in concert with HP, from infringing the '308 Patent, Agranat will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Agranat prays for judgment against Defendant HP as follows:

(1) For a judicial determination and declaration that Defendant HP has directly infringed, and continues to directly infringe, the '308 Patent;

(2) For a judicial determination and declaration that Defendant HP has induced, and continues to induce, the infringement of the '308 Patent;

(3) For a judicial determination and declaration that Defendant HP has contributorily infringed, and continues to contributorily infringe, the '308 Patent;

(4) For a judicial determination and decree that Defendant HP's infringement of the '308 Patent has been, and continues to be, willful and deliberate;

(5) For a judicial determination and decree that Defendant HP, its respective subsidiaries, officers, agents, servants, employees, licensees, and all other persons or entities acting or attempting to act in active concert or participation with it or acting on its behalf, be preliminarily and permanently enjoined from further infringement of the '308 Patent;

(6) For a declaration that HP notify all of its customers and users of the infringing system and customers' participation in the infringement with HP's encouragement, and that HP encourage customers to cease all such infringing actions;

(7) For a judicial decree that orders Defendant HP to account for and pay to Agranat all damages caused to Agranat by reason of Defendant HP's infringement pursuant to 35 U.S.C. Section 284, together with pre-judgment and post-judgment interest;

(8) For an award of damages according to proof at trial;

(9) For a judicial declaration that this case is exceptional under 35 U.S.C. Section 285 and Defendant HP be ordered to pay Agranat's costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. Section 285, or as otherwise permitted by law; and

(10) For such other relief as justice requires.

Dated: January 17, 2014

By: *J. Lord*
John E. Lord
Nathaniel L. Dilger
Attorneys for Plaintiff,
Agranat IP Licensing LLC

5
**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

Dated: January 17, 2014

By: _/s/ J. Lord_____
John E. Lord
Nathaniel L. Dilger
Attorneys for Plaintiff,
Agranat IP Licensing LLC